UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QINGFAN HAN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondent.

Case No. C26-4571-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED.[1] Federal Respondents have expressed their non-opposition to Petitioner Qingfan Han's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026). "In our adversarial system of adjudication, we follow the principle of

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). The Court could grant the petition on this basis alone. The Court also finds, however, that Petitioner has sufficiently established in her petition that she is entitled to release.

Petitioner is a 28-year-old, woman born in Qingdao, China. (Dkt. # 1 at 4.) Petitioner gave birth to a child on September 26, 2026. (*Id.*) Petitioner entered the United States in August 2017 on a student visa and became a college student at Emporia State University in Emporia, Kansas. (*Id.*) Petitioner graduated Emporia State University with a bachelor's degree in biology in 2021 and then began a master's program at the same University but did not finish. (*Id.*) Petitioner's student visa was set to expire in 2022, and in June of 2022 she met with an immigration attorney to file an asylum application (I-589). The attorney did not file the asylum application until June of 2023. (*Id.*) From 2017 to 2026, Petitioner maintained a valid work visa and worked at Emporia State University and Hills Pet Nutrition in Emporia, Kansas. (*Id.*) Petitioner was detained on October 27, 2026, while awaiting a flight at SeaTac airport. (*Id.*)

Petitioner has no known criminal law arrests, charges, or convictions. (Dkt. # 1 at 8.) The only allegation is that Petitioner overstayed her visa and then applied for asylum. There is also no evidence of changed circumstances justifying her detention.[2] Based on her allegations, the

[2] Moreover, ICE Directive 11032.4 specifically states that "Generally, ICE should not detain, arrest, or take into custody for an administrative violation of the immigration laws individuals known to be pregnant, postpartum, or nursing unless release is prohibited by law or exceptional circumstances exist."

Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025); *Carrero Sanchez v. Warden, et al.*, No. 2:26-cv-3986, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

The government's decision to re-detain Petitioner without notice or hearing violated her right to procedural due process and Petitioner has shown by a preponderance of the evidence that her immigration detention is unlawful.

Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner **no later than November 26, 2026**, on the same conditions that governed her release before her detention;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) The Court DENIES the request for injunctive relief as the relevant factors were not addressed by Petitioner; and

(4) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 25th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

Nothing in the record demonstrates that Petitioner's release is prohibited or that exceptional circumstances warranted Petitioner's re-detention in the first instance.